UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELA FELDMANN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LAKEVIEW LOAN SERVICING LLC, and LOANCARE, LLC,<br><br>　　　　　　Defendants. | CASE NO. C20-580 MJP<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant's Motion for Partial Reconsideration of Order on Summary Judgment (Dkt. No. 24). (Dkt. No. 25.) Having reviewed the Motion, Plaintiff's Opposition (Dkt. No. 31), and the relevant portions of the record, the Court GRANTS in part and DENIES in part the Motion.

Motions for reconsideration are disfavored. See Local Rule 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.

Defendants Lakeview Loan Servicing LLC and LoanCare, LLC request the Court reconsider its order on summary judgment as to: (1) Plaintiff's CPA claim, and (2) Defendants' request for attorneys' fees. The Court remains unconvinced of any manifest error regarding the CPA claim, but reconsiders its decision as to attorneys' fees.

First, Defendants ask for summary judgment on Plaintiff's CPA claim on the theory that she has not shown evidence of damages. Defendants failed to raise this argument in their Motion for Summary Judgment, arguing instead that the CPA did not apply to the conduct at issue. (Dkt. No. 16 at 9-11.) Defendants only raised the issue of damages for the first time on reply. (Dkt. No. 23 at 5.) A district court "need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (affirming district court's denial of motion for reconsideration where argument was presented for the first time upon reply). And a party may not seek reconsideration "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." See Carroll v. Nakatini, 342 F.3d 934, 945 (9th Cir. 2003). Even if the Court considered this belated argument, it finds no basis for reconsideration. Defendants are correct that emotional distress is not compensable under the CPA. See Frias v. Asset Foreclosure Servs., Inc., 181 Wn.2d 412, 432 (2014). But Plaintiff has provided sufficient evidence of various damages, including credit-related damages that make summary judgment improper.

Second, Defendants ask for reconsideration of the Court's order denying their request for attorneys' fees related to Plaintiff's breach of contract claim. The Court previously rejected Defendants' request for fees, noting that:

> fees are mandatory only when "[t]he contract containing the attorney fees provision [is] central to the controversy." CHD, Inc. v. Boyles, 138 Wn. App. 131, 141, (2007) (citing Hemenway v. Miller, 116 Wn.2d 725, 742 (1991)). Because Plaintiff's complaint is primarily focused on the statutory violations, and her breach of contract claim concerns the modified contract, it cannot be said that the original contract is central to the controversy here.

(Order on Summary Judgment at 12 (Dkt. No. 24).) The Court reconsiders this decision. First, Defendants correctly cite to authority that the attorneys' fee provision is still enforceable even though the contract claim was one of many that Plaintiff brought. (Mot. at 3 (citing Tradewell Grp., Inc. v. Mavis, 71 Wn. App. 120, 129–30, 857 P.2d 1053, 1058–59 (1993).); see also Marassi v. Lau, 71 Wn. App. 912, 917 (1993), abrogated on other grounds by Wachovia SBA Lending, Inc. v. Kraft, 165 Wn.2d 481, 490–92 (2009). The contract provision remains applicable even though Plaintiff pursues other claims. Second, Defendants correctly note that the loan modification agreement on which Plaintiff sued incorporated the covenants of the original loan agreement, including the attorneys' fee provisions. That provision entitles Defendants to attorneys' fees and costs "in any action or proceeding to construe or enforce any term of this Security Instrument." (Bielby Decl. Ex. A ¶ 28.) Here, Plaintiff's action sought to enforce the terms of the loan modification agreement, which is subject to the attorneys' fee covenant in the original loan contract. Because Defendants prevailed on the breach of contract claim, they are entitled to attorneys' fees as set out in the original contract. See RCW 4.84.330; Tradewell, 71 Wn. App. 129–30; Marassi, 71 Wn. App. at 917. Plaintiff identifies no contrary authority on this issue. She instead cites to two cases where the court refused to enforce contractual provisions as unconscionable against plaintiffs who sought to vindicate statutory rights, but who did not pursue contract claims. (Pl. Opp. at 4 (Dkt. No. 31) (citing Gandee v. LDL Freedom Enters., Inc., 176 Wn.2d 598, 293 P. 3d 1197, 1201 (2013); Adler v. Fred Lind Manor, 153 Wn.2d 331, 103 P. 3d 773, 786 (2004)). These cases have no bearing here because Plaintiff specifically brought a breach of contract claim, which put at issue the fee provision. The Court therefore reconsiders its prior order on this limited issue and finds that Defendants are entitled to reasonable attorneys'

fees and costs related to their defense against the breach of contract claim in an amount to be determined by the Court upon resolution of this case after trial.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 21, 2021.

*Marsha J. Pechman*
Marsha J. Pechman
United States Senior District Judge